State of Rhode Island and Providence Plantations

PROVIDENCE, SC                                          SUPERIOR COURT
                                                        C.A. No. 08-5037

| | |
|---|---|
| ALAN MESSERLIAN AND JO-ANN MESSERLIAN AS SURVIVING SPOUSE<br><br>*Plaintiffs,*<br>v.<br><br>A.O. SMITH CORPORATION, et. al.,<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DETROIT DIESEL CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT & RESPONSE TO CROSS CLAIMS AND JURY DEMAND

DETROIT DIESEL CORPORATION, (hereinafter "DETROIT DIESEL") responds to the Plaintiffs' Complaint as follows:

1. DETROIT DIESEL does not have sufficient knowledge or information to affirm or deny Paragraph 1 of the Complaint, but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

2. DETROIT DIESEL has conducted business in the State of Rhode Island. As to the remaining allegations of Paragraph 2 of the Complaint, DETROIT DIESEL does not have sufficient knowledge or information to respond, but to the extent they allege or imply wrongdoing, fault, liability, or damages attributable to DETROIT DIESEL those allegations are denied.

## FIRST COUNT

### (Failure to Warn)

3. DETROIT DIESEL incorporates its responses to Paragraphs 1-2 of the Complaint as if set forth in full.

4-27. DETROIT DIESEL does not have sufficient knowledge or information to respond to the allegations of Paragraphs 4-27 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

## SECOND COUNT

### (Negligence)

28. DETROIT DIESEL incorporates its responses to Paragraphs 1-27 as if set forth in full.

29-32. DETROIT DIESEL does not have sufficient knowledge or information to respond to the allegations of Paragraphs 29-32 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

## THIRD COUNT

### (Strict Product Liability)

33. DETROIT DIESEL incorporates its responses to Paragraphs 1-32 as if set forth in full.

34. The allegation of Paragraph 34 is an allegation of law and no response is required. To the extent those allegations claim or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

## FOURTH COUNT

### (Breach of Warranty)

35. DETROIT DIESEL incorporates its responses to Paragraphs 1-34 as if set forth in full.

36-39. DETROIT DIESEL does not have sufficient knowledge or information to respond to the allegations of Paragraphs 36-39 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

## FIFTH COUNT

### (Conspiracy)

40. DETROIT DIESEL incorporates its responses to Paragraphs 1-39 as if set forth in full.

41-46. The allegations of Paragraphs 41-46 are not directed to DETROIT DIESEL and as such no response is required. If called upon to respond however, DETROIT DIESEL would say that to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

## SIXTH COUNT

### (Loss of Consortium)

47. DETROIT DIESEL incorporates its responses to Paragraphs 1-46 as if set forth in full.

48. DETROIT DIESEL does not have sufficient knowledge or information to respond to the allegations of Paragraph 48 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are

denied.

## SEVENTH COUNT

**(Wrongful Death)**

49. DETROIT DIESEL incorporates its responses to Paragraphs 1-48 as if set forth in full.

50. DETROIT DIESEL does not have sufficient knowledge or information to respond to the allegations of Paragraph 50 of the Complaint but to the extent they allege or imply wrongdoing, fault, liability or damages attributable to DETROIT DIESEL those allegations are denied.

## Standard Defenses

### First Defense

The Complaint, and each count thereof, fails to state a claim against DETROIT DIESEL upon which relief can be granted.

### Second Defense

The court lacks jurisdiction over DETROIT DIESEL because of the insufficiency of process and service of process, including untimely service of process.

### Third Defense

The court lacks subject matter jurisdiction over DETROIT DIESEL.

### Fourth Defense

Plaintiffs' claims against DETROIT DIESEL are barred because Plaintiffs' exclusive remedy is recovery of worker's compensation benefits.

### Fifth Defense

Plaintiffs' claims are barred because they were not brought within the times prescribed by

the applicable statutes of limitations.

### Sixth Defense

Plaintiffs' claims are barred because the injuries and damages allegedly suffered by the Plaintiffs resulted from or were caused by the contributory negligence of the Plaintiffs.

### Seventh Defense

DETROIT DIESEL says that the injuries and damages allegedly suffered by the Plaintiffs resulted from or were caused or contributed to by the negligence of the Plaintiffs, which negligence was equal to or greater than any alleged negligence of DETROIT DIESEL or any alleged total negligence of the defendants.

### Eighth Defense

DETROIT DIESEL performed each and every duty, if any, owed to the Plaintiffs and was not negligent.

### Ninth Defense

Any conduct allegedly causing liability on the part of DETROIT DIESEL was not a substantial or causative factor of the Plaintiffs' resulting injuries or damages.

### Tenth Defense

Plaintiffs are not entitled to recover in the amounts prayed for in the Complaint because the negligence of the Plaintiffs has diminished whatever right, if any, Plaintiffs might ever have had to such recovery.

### Eleventh Defense

Plaintiffs' claims are barred because the Plaintiffs knowingly assumed the risk of the injuries and damages allegedly suffered.

### Twelfth Defense

Plaintiffs' claims are barred because the injuries and damages allegedly suffered by the Plaintiffs were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities.

### Thirteenth Defense

Plaintiffs are barred from maintaining this action by the doctrine of laches.

### Fourteenth Defense

Plaintiffs' claims are barred by estoppel and waiver.

### Fifteenth Defense

Plaintiffs' claims are barred because venue is improper.

### Sixteenth Defense

Plaintiffs' claims are barred because the injuries and damages allegedly suffered by the Plaintiffs resulted from or were caused by misuse of products by the Plaintiffs.

### Seventeenth Defense

The injuries of which the Plaintiffs complain were caused by the acts and omissions of persons or entities for which DETROIT DIESEL is not responsible.

### Eighteenth Defense

Plaintiffs' claims are barred because the injuries and damages allegedly suffered were caused in whole or in part by the violation by the Plaintiffs, their servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### Nineteenth Defense

Any asbestos products which may have been sold or used by DETROIT DIESEL were

not unsafe.

## Twentieth Defense

DETROIT DIESEL did not fail to take reasonable precautions and did not fail to exercise reasonable care.

## Twenty-First Defense

Any asbestos products which may have been sold or used by DETROIT DIESEL were not incorrectly packaged.

## Twenty-Second Defense

DETROIT DIESEL did not mine asbestos or asbestos products.

## Twenty-Third Defense

Any asbestos products which may have been sold or used by DETROIT DIESEL were not defective.

## Twenty-Fourth Defense

DETROIT DIESEL denies that it or its agents or servants made any implied warranties as alleged.

## Twenty-Fifth Defense

DETROIT DIESEL says that if any of its agents or servants made any warranties (allegations which it specifically denies) then its agents or servants did so without authority, expressed or implied.

## Twenty-Sixth Defense

DETROIT DIESEL says that if its servants or agents made any warranties (allegations which it specifically denies) then the Plaintiffs did not rely on the warranties and further, there was no such reliance by any person or entity authorized to represent the Plaintiffs.

### Twenty-Seventh Defense

DETROIT DIESEL says that if it or its agents or servants made any warranties express or implied (allegations which the defendant specifically denies) then DETROIT DIESEL denies that it breached any of the warranties.

### Twenty-Eighth Defense

DETROIT DIESEL says that the Plaintiffs failed to give notice of the alleged breach of warranties within a reasonable time as required by applicable statutes.

### Twenty-Ninth Defense

DETROIT DIESEL says that the failure of the Plaintiffs to give the required statutory notice of the alleged breaches of warranties to DETROIT DIESEL resulted in delay and prejudice to DETROIT DIESEL in this case and therefore the Plaintiffs cannot recover.

### Thirtieth Defense

DETROIT DIESEL denies that privity of contract between the Plaintiffs and DETROIT DIESEL ever existed.

### Thirty-First Defense

DETROIT DIESEL says that the Plaintiffs' employer or employers were negligent with respect to the matters set forth in the Complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which the Plaintiffs may have sustained, as set forth in the Complaint and that the Plaintiffs received worker's compensation benefits from Plaintiffs' employer or employers. Therefore, even if the Plaintiffs are entitled to recover against DETROIT DIESEL which DETROIT DIESEL specifically denies, they are not entitled to recover in the amount set forth in the Complaint because DETROIT DIESEL is entitled to set off any and all of the aforesaid worker's compensation payments against any judgment which might

be rendered in the Plaintiffs' favor.

### Thirty-Second Defense

Any asbestos products which may have been sold or used by DETROIT DIESEL were not unreasonably dangerous.

### Thirty-Third Defense

Any asbestos products which may have been sold or used by DETROIT DIESEL may have been substantially changed in their condition after said products left the possession and control of DETROIT DIESEL.

### Thirty-Fourth Defense

DETROIT DIESEL provided all necessary, required or adequate warnings and instructions.

### Thirty-Fifth Defense

The injuries and/or losses alleged to have been sustained were not caused by any product produced, sold or used by DETROIT DIESEL.

### Thirty-Sixth Defense

The injuries and/or losses alleged to have been sustained were not caused by the conduct of DETROIT DIESEL.

### Thirty-Seventh Defense

The liability of DETROIT DIESEL, if any, is barred or limited by the provisions of the applicable Worker's Compensation Act or the Occupational Disease Act.

### Thirty-Eighth Defense

DETROIT DIESEL says that no sale of goods occurred within the meaning of Article 2 of the Uniform Commercial Code.

### Thirty-Ninth Defense

Recovery is barred by the doctrines of collateral estoppel and/or res judicata.

### Fortieth Defense

Plaintiffs' claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Rhode Island law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate DETROIT DIESEL'S due process rights under the United States and Rhode Island Constitutions.

### Forty-First Defense

Plaintiffs' claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under Rhode Island law, and because Rhode Island law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate DETROIT DIESEL'S due process rights under the United States and Rhode Island Constitutions.

### Forty-Second Defense

Plaintiffs' claims for punitive damages cannot be sustained, because an award of punitive damages under Rhode Island law without proof of every element beyond a reasonable doubt would violate DETROIT DIESEL'S rights under Amendments IV, V, and XIV to the United States Constitution and under related provisions of the Rhode Island Constitution.

### Forty-Third Defense

Plaintiffs' claims for punitive damages cannot be sustained, because an award under Rhode Island law without proof of every element by clear and convincing evidence would

violate DETROIT DIESEL'S rights under the due process clauses of the United States and Rhode Island Constitutions.

### Forty-Fourth Defense

Plaintiffs' claims for punitive damages cannot be sustained, because any award of punitive damages under Rhode Island law without bifurcating the trial as to all punitive damages issues would violate DETROIT DIESEL'S due process rights under the United States and Rhode Island Constitutions.

### Forty-Fifth Defense

Plaintiffs' claims for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect DETROIT DIESEL against multiple punishments for the same alleged wrong in future cases. Therefore, any award of punitive damages would violate DETROIT DIESEL'S due process rights under the United States and Rhode Island Constitutions.

### Forty-Sixth Defense

Plaintiffs were not people who DETROIT DIESEL could reasonably have expected to use, consume, or be affected by its products as contemplated by R.I. Gen. Laws § 6A-2-318.

### Forty-Seventh Defense

DETROIT DIESEL cannot be held liable under principles of strict tort liability under the laws of the State of Rhode Island for actions taken, products manufactured and/or products which left its possession before to October 3, 1973.

### Forty-Eighth Defense

Plaintiffs' claims are barred by the sophisticated user doctrine.

### Forty-Ninth Defense

Plaintiffs' claims are barred by the statute of repose.

### Fiftieth Defense

Plaintiffs may have failed to mitigate their damages.

### Fifty-First Defense

Plaintiffs' claims are improperly before this Court due to the doctrine of Forum Non Conveniens.

**WHEREFORE**, DETROIT DIESEL demands that Plaintiffs' Complaint be dismissed and DETROIT DIESEL be awarded its costs.

### ANSWERS TO ALL PENDING AND FUTURE CROSS-CLAIMS

DETROIT DIESEL answers the cross-claims of all co-defendants (including third-party defendants), however asserted or alleged, as follows:

1. DETROIT DIESEL denies all cross-claims for contribution alleged against it by any party-defendant.

2. DETROIT DIESEL denies all cross-claims for indemnification alleged against it by any party-defendant.

3. DETROIT DIESEL denies each and every allegation contained in the cross-claims not expressly admitted herein.

4. DETROIT DIESEL repeats and incorporates by reference its Affirmative Defenses set forth in the Answer of DETROIT DIESEL to the Complaint.

**WHEREFORE**, DETROIT DIESEL demands judgment in its favor on any and all cross-claims asserted against it, together with costs and such further relief, as the court deems appropriate.

## JURY DEMAND

DETROIT DIESEL demands a trial by jury on all issues.

**DETROIT DIESEL CORPORATION**
By Its Attorneys,

**CAMPBELL CAMPBELL EDWARDS & CONROY**
**PROFESSIONAL CORPORATION**

_____
Charles K. Mone #5468
Anthony J. Sbarra, Jr. #7307
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Charles K. Mone, Counsel for the Defendant, do hereby certify that a true copy of the above document was served on all Counsel of Record via LexisNexis File & Serve

_____
Charles K. Mone, #5468