UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JO-ANN MESSERLIAN | : | |
| | : | |
| v. | : | C.A. No. 09-393S |
| | : | |
| A.O. SMITH CORPORATION, et al. | : : | |
| | | |
| ARLETTA CONE | : | |
| | : | |
| v. | : | C.A. No. 09-394S |
| | : | |
| AGCO CORPORATION, et al. | : : | |
| | | |
| JANICE MAKIN | : | |
| | : | |
| v. | : | C.A. No. 09-395S |
| | : | |
| 84 LUMBER COMPANY, et al. | : : | |
| | | |
| LISA and CRAIG KROSKOB | : | |
| | : | |
| v. | : | C.A. No. 09-396S |
| | : | |
| AAMCO TRANSMISSIONS, INC., et. al. | : : | |

**CONSOLIDATED REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

On August 27, 2009, Defendant Detroit Diesel Corporation ("DDC") removed only the claims against it in these four asbestos injury cases from Rhode Island Superior Court to this Court. DDC's removal was triggered by the June 1, 2009 bankruptcy filing of General Motors Corporation

("GM"). See In re Motors Liquidation Co., et al. f/k/a General Motors Corp., et al., Case No. 09-50026 (U.S. Bankruptcy Court, S.D.N.Y.; U.S. Bankruptcy Judge Robert E. Gerber, presiding). DDC argues that this Court has subject matter jurisdiction under 28 U.S.C. § 1334 and that removal is appropriate under 28 U.S.C. § 1452 because GM is obligated to indemnify it for any liability associated with the claims against it in these asbestos cases.  Thus, it contends that such claims are "related to" the GM bankruptcy case because a resolution of such claims could conceivably have an effect on the GM bankruptcy estate.

On November 5, 2009, Plaintiffs filed Motions for Remand to Superior Court in each case. Those Motions have been referred to me for preliminary review, findings and recommended disposition.  28 U.S.C. § 636(b)(1)(B); Local Rule Cv 72.  A hearing was held on December 18, 2009.  For the following reasons, I recommend that Plaintiffs' Motions for Remand be GRANTED.

**Discussion**

**A.     The Applicable Law**

Section 1452(a), 28 U.S.C., permits a party to remove any claim in a civil proceeding to federal court if the court has bankruptcy jurisdiction over such claim under 28 U.S.C. § 1334. However, the federal court retains the power to remand such a claim on "any equitable ground." 28 U.S.C. §1452(b).

Section 1334, 28 U.S.C., outlines the bankruptcy jurisdiction of the federal court and includes civil proceedings "related to cases under title 11", i.e., the federal bankruptcy code. However, the statute also allows for absention by the federal court in certain circumstances. 28 U.S.C. § 1334(c)(1), (2).  The parties agree that "the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect*

*on the estate being administered in bankruptcy.*" Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3$^d$ Cir. 1984) (emphasis in original); see also In re Boston Reg'l Med. Ctr., Inc., 410 F.3d 100, 105 (1st Cir. 2005) (citing Pacor the First Circuit described grant of "related to" jurisdiction under § 1334 as "quite broad"). "[T]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Pacor, 743 F.2d at 994.

### B. The GM Bankruptcy

Shortly after DDC removed to this Court, it filed a Motion in the GM bankruptcy proceeding seeking to extend the automatic stay (11 U.S.C. § 362) to asbestos injury cases pending against it, or alternatively, for a preliminary injunction (11 U.S.C. § 105) preventing the prosecution of such cases. (Document No. 7-2 in C.A. Nos. 09-394S and 09-396S; Document No. 8-2 in C.A. Nos. 09-393S and 09-395S). The Motion was opposed by the Ad Hoc Committee of Asbestos Personal Injury Claimants, and such opposition was joined by Plaintiffs in the instant actions. (Document Nos. 7-3, 7-4 in C.A. Nos. 09-394S and 09-396S; Document Nos. 8-3, 8-4 in C.A. Nos. 09-393S and 09-395S). A hearing was held before Bankruptcy Judge Gerber on October 6, 2009, and he denied DDC's requests for relief. (Document Nos. 7-5, 7-6 in C.A. Nos. 09-394S and 09-396S; Document Nos. 8-5, 8-6 in C.A. Nos. 09-393S and 09-395S). Because it did not come from the bankruptcy estate or the debtor, Judge Gerber found DDC's request to be "unprecedented." (Document No. 8-7 at 36 in C.A. No. 09-394S and 09-396S; Document No. 9-7 in C.A. Nos. 09-393S and 09-395S). He indicated that "[t]he normal circumstance under which either we extend the scope of the 362 stay

or grant a 105(a) injunction is to protect the estate. And when the estate needs protecting, it asks for it." Id. at 36-37. Judge Gerber then added that,

> [g]etting beyond that, we traditionally look to particular factors to grant relief of this character. To be sure, as some of the papers note, irreparable injury is not required to grant relief of this character but some injury is. There's got to be some reason for granting the relief...And here,...there is no material affect upon the estate or upon its ability to reorganize or upon its ability to liquidate.

Id. at 37. He explained:

> the defense of these asbestos actions would have no material affect on the debtor's reorganization or, for that matter, their liquidation. They would not – there's been no showing that they would give rise to material distraction of management or impair management doing its job. And while I assume, without deciding, that if the indemnifications were allowed they would result in some incremental dilution of other unsecured creditors' recoveries since it's at least foreseeable that we're going to have a pot [of cash reorganization] plan here. For the benefit of the unsecured community the incremental affect is not likely to have a material affect on whether the estate as a whole or on any of the other creditors' recoveries.

Id. at 35-36. In other words, Judge Gerber reasoned that there was no need to stay the claims asserted against DDC or enjoin the litigation because there was no demonstration that the GM bankruptcy would be materially affected. Absent any showing of material prejudice to the bankruptcy estate, he found that the balancing of harms tipped "dramatically in favor of not granting the injunction and simply allowing tort litigants to have their day in Court." Id. at 38.

### C. Recent Cases

Collectively, the parties have provided the Court with citations to only three reported decisions dealing with this particular issue. Plaintiffs cite to two decisions out of the Northern District of California, in which the court remanded each asbestos injury case removed by DDC

-4-

because of the GM bankruptcy.  See Lent v. A.W. Chesterton, Inc., No. C 09-3941 PJH, 2009 WL 3561531 (N.D. Cal. Oct. 27, 2009); and Hendricks v. Detroit Diesel Corp., No. C 09-3939 EMC, 2009 WL 4282812 (N.D. Cal. Nov. 25, 2009).  DDC cites to a single decision in which the court denied a remand request of an asbestos injury case it removed, but the court later reversed course and, on December 16, 2009, ordered a remand on equitable grounds after the briefs were closed on the instant Motions.  See Gilbert v. Agco Corp., No. 1:09-CV-962, 2009 WL 3672071 (N.D.N.Y. Oct. 30, 2009) (remand subsequently granted on equitable grounds by Decision and Order dated Dec. 16, 2009 – Document No. 24 in 1:09-CV-962).  Although DDC's counsel, during oral argument, generally referenced other cases in which remand requests were denied in similar cases, he did not provide any copies of such decisions or case citations to the Court.  My research uncovered only one additional case (Diaz v. A.W. Chesterton, Inc., Civil No. 09-662-GPM, 2009 WL 2777894 (S.D. Ill. Aug. 31, 2009)), which ordered remand of an asbestos injury case over DDC's objection under circumstances very similar to those present in these cases.

### D. The Instant Motions to Remand

DDC removed these four cases arguing that Plaintiffs' asbestos injury claims against it are not based on any direct action by DDC, but rather on a theory of successorship based on DDC's former relationship with GM as one of its corporate divisions.  Based on the claimed existence of an indemnification agreement running from GM to DDC, DDC contends that any finding of liability against it in these asbestos injury actions would, at best, be indirect liability on its part and the direct liability of GM.[1]  Thus, DDC argues that Plaintiffs' asbestos injury claims are "related to" the GM

---

[1] Plaintiffs in the Kroskob case (C.A. No. 09-396S) alternatively assert that their claims are independent of GM and establish direct liability of DDC to them. (Document No. 9-2 at 9-11).

bankruptcy because their resolution could conceivably have an effect on the GM estate currently being administered in the bankruptcy court. Plaintiffs half-heartedly dispute that their claims against DDC are "related to" the GM bankruptcy. However, applying the broad Pacor test discussed above, I conclude that Plaintiffs' claims against DDC could "conceivably" have an impact on the GM bankruptcy estate due to the claimed indemnification obligation of GM and thus they are "related to" the GM bankruptcy within the meaning of 28 U.S.C. § 1334. However, Plaintiffs vigorously and convincingly argue that, even if there is "related to" jurisdiction, remand is warranted under the doctrines of absention (28 U.S.C. § 1334(c))) and equitable remand (28 U.S.C. § 1452(b)).

For the following reasons, I agree with Plaintiffs and recommend to Judge Smith that he follow the sound reasoning of the federal judges in the Diaz, Lent, Gilbert and Hendricks cases cited above and grant Plaintiffs' Motions to Remand. Section 1452(b), 28 U.S.C., provides that after removal of a claim related to a bankruptcy, "[t]he court to which such claim...is removed may remand such claim on any equitable ground."[2] In evaluating whether to remand on equitable grounds, a federal court typically considers the following factors:

> (1) duplication of judicial resources; (2) uneconomical use of judicial resources; (3) effect of remand on the administration of the bankruptcy estate; (4) case involves questions of state law better addressed by a state court; (5) comity considerations; (6) prejudice to the involuntarily removed parties; (7) lessened possibility of an inconsistent result; and (8) expertise of the court where action originated.

See Burdett v. Weiss, 119 B.R. 385, 388 (D.R.I. 1990). Applying these factors, the equities weigh heavily in favor of remand. First, the removal has split Plaintiffs' asbestos injury claims into two

---

[2] In addition to equitable remand, a federal court also has the discretion to abstain from hearing a claim related to a bankruptcy in the interests of justice, comity with state courts and/or respect for state law. 28 U.S.C. § 1334(c)(1). The standards applicable to these statutory mechanisms are "essentially identical" and thus the equitable remand analysis applies with equal force to permissive absention under Section 1334(c)(1). See Diaz, 2009 WL 2777894 at 2, n.2.

cases. The remainder of Plaintiffs' claims are still pending in Rhode Island Superior Court as DDC has removed only those claims against it to this Court. Thus, absent equitable remand, there will be a duplication of judicial effort, prejudice to Plaintiffs in trying the same basic claims in two separate courts, and a risk of inconsistent results as to apportionment of DDC's liability, if any. See Lent, 2009 WL 3561531 at *3. Second, Plaintiffs' claims against DDC and the other defendants all arise under state law and Rhode Island's Superior Court has substantial expertise in effectively managing its asbestos trial docket. See Hendricks, 2009 WL 4282812 at *8. Third, the Bankruptcy Court previously concluded that these asbestos injury claims against DDC are not likely to have a material impact on GM's estate and found no basis upon which to stay or enjoin such cases from proceeding in state court. See Diaz, 2009 WL 2777894 at *3.

Finally, when pressed at the hearing to identify the federal interest which would be furthered by severing this case and trying the DDC claims in federal court and the claims against the remaining defendants in state court, DDC's counsel failed to identify any specific or compelling interest which leads me to conclude that the underlying reason is primarily about defense strategy and not bankruptcy administration. In In re Boston Reg'l Med. Ctr., Inc., 410 F.3d at 105, the First Circuit observed that the broad grant of "related to" jurisdiction to the bankruptcy courts was "to enable them to deal efficiently and effectively with the entire universe of matters connected with bankruptcy estates." DDC has not explained how separately trying Plaintiffs' asbestos injury claims against it before a jury in federal district court rather than in state court with the other defendants will further those federal bankruptcy interests. The bottom-line is that Plaintiffs have a right to a jury trial on their claims against DDC and that any liability of GM to DDC under the indemnification agreement arises, if at all, only after such claims are tried to a judgment. DDC has

not shown how the interests of GM's bankruptcy estate would be better served by wasting judicial resources on duplicative proceedings. In fact, neither the debtor, the creditors nor the bankruptcy judge in the GM bankruptcy case have seen the need to take any steps to interfere with these state law asbestos injury claims to protect the estate or promote its effective and efficient administration. Only DDC has done so, and its motives appear primarily self-interested.

**Conclusion**

For the foregoing reasons, I recommend that the District Court, pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b), exercise its discretion to GRANT Plaintiffs' Motions to Remand (Document No. 8 in C.A. Nos. 09-393S and 09-395S; Document No. 7 in 09-394S and 09-396S) these asbestos injury cases back to Rhode Island Superior Court, Providence County. Further, I recommend that Plaintiffs' accompanying request for a discretionary award of attorneys' fees under 28 U.S.C. § 1447(c) be DENIED because Plaintiffs have not established that DDC's decision to remove these cases was objectively unreasonable at the time. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In particular, it is noted that the cases relied upon in this recommendation (Diaz, Lent, Gilbert and Hendricks) were all decided after DDC filed for removal in these four cases.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 29, 2009